# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.P., I.P.-1, and I.P.-2**

**No. 17-0991** (Cabell County 16-JA-57, 58, and 59)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father R.P., by counsel Michael A. Meadows, appeals the Circuit Court of Cabell County's September 22, 2017, order terminating his parental rights to A.P., I.P.-1 and I.P.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Elizabeth Gardner Estep, filed a response on behalf of the children also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in (1) denying his motion to extend his post-dispositional improvement period, (2) terminating his parental rights, and (3) ratifying the emergency custody of the children following the preliminary hearing.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner and the mother. The DHHR alleged that it received a referral following the mother's arrest and incarceration on federal drug charges in February of 2016. Petitioner had been incarcerated since June of 2015 and his expected release from incarceration was December of 2016. According to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of children share the same initials, we will refer to them as I.P.-1 and I.P.-2, respectively, throughout this memorandum decision.

[2]Petitioner lists multiple assignments of error concerning the circuit court's termination of his parental rights. We will address them together.

1